IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENT BLAKE, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. GLR-21-321 |
| THE UNITED STATES OF AMERICA, | * |
| | * |
| Defendant. | |

\*\*\*

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant the United States of America's (the "United States") Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 3). The Motion is ripe for disposition and no hearing is necessary. See Local Rule 105.6 (D.Md. 2021). For the reasons discussed below, the Court will grant the Motion.

### I.   BACKGROUND

**A.   Factual Background**[1]

Plaintiff Kent Blake alleges that on or about October 26, 2019, he was conducting business at a United States Postal Service ("USPS") Post Office location in Columbia, Maryland. (Compl. ¶ 11, ECF No. 1). A USPS employee with whom Blake was working stepped around a corner and, unbeknownst to Blake, partially pulled down a steel security gate in the customer service lobby. (Id. ¶ 12). After completing his transaction, Blake walked around the corner and ran into the partially closed security gate, striking his head.

---

[1] Unless otherwise noted, the Court takes the following facts from the Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

(Id. ¶ 13). The blow knocked Blake to the ground and left him unable to rise for several minutes. (Id.). Later that day, Blake discovered two bumps on his forehead and developed a headache, neck pain, and dizziness. (Id. ¶ 14). Blake went to the emergency room to seek medical treatment and ultimately incurred significant medical bills and missed time from work. (Id. ¶¶ 14–15).

**B.     Procedural History**

On December 20, 2019, counsel for Blake wrote to the USPS Columbia location and explained that he represented Blake in a "legal matter in which your business will be named as a defendant." (Dec. 20, 2019 Letter at 2,[2] ECF No. 3-2).[3] The following month, USPS Tort Claims Coordinator Robert Hindle replied with a letter explaining the process for asserting a claim against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2761 et seq. ("FTCA"), and accompanied by a blank Standard Form 95 ("SF 95"). (Jan. 16, 2020 Letter at 2, ECF No. 3-3). The letter explained that under the FTCA, for the USPS and the United States to consider Blake's claim, Blake must submit a completed SF 95 and specified that Blake's "claim must be for a specific amount." (Id.).

On February 5, 2020, counsel for Blake sent Hindle a completed and executed SF 95 describing the October 26, 2019 incident. (Feb. 5, 2020 Letter at 2–3, ECF No. 3-4). The enclosed form included the instructions indicating that "[f]ailure to specify a sum

---

[2] Citations to exhibit page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

[3] Unlike a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when a party challenges subject-matter jurisdiction under Rule 12(b)(1), the Court may consider "evidence outside the pleadings" to resolve the challenge. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

certain will render your claim invalid and may result in forfeiture or your rights." (Id. at 4). Blake left the section in the SF 95 for "Amount of Claim" blank and did not otherwise specify the amount of damages he was claiming in the SF 95 or its cover letter. (Id. at 2–3). USPS denied the claim on November 9, 2020. (Nov. 9, 2020 Letter at 2, ECF No. 3-6).

Blake filed this lawsuit against the United States on February 8, 2021. (ECF No. 1). Blake's one-count Complaint alleges negligence in the form of premises liability. (Id. ¶¶ 10–22). Blake seeks monetary damages. (Id. at 5).

On April 23, 2021, Defendants filed a Motion to Dismiss. (ECF No. 3). Blake filed an Opposition on May 7, 2021. (ECF No. 4). Attached to Blake's Opposition was an amended SF 95 claiming damages in the amount of $50,000. (Am. SF 95 at 1, ECF No. 4-1). Blake notes that the amended SF 95 was "submitted to the USPS during the pendency of this motion." (Resp. Opp'n Def.'s Mot. Dismiss Lack Subject Matter Jurisdiction ["Opp'n"] at 1, ECF No. 4). Defendants filed a Reply on June 4, 2021. (ECF No. 7). In its Reply, the United States notes that USPS received a letter enclosing Blake's amended SF 95 on May 17, 2021. (Reply Mem. Supp. U.S.'s Mot. Dismiss ["Reply"] at 1, ECF No. 7).

## II. DISCUSSION

### A. Standard of Review

The United States moves to dismiss Blake's claim for failure to exhaust administrative remedies. Accordingly, the Court will review the Motion under Federal Rule of Civil Procedure 12(b)(1). See Khoury v. Meserve, 268 F.Supp.2d 600, 606 (D.Md. 2003) ("Motions to dismiss for failure to exhaust administrative remedies are governed by Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.").

3

Rule 12(b)(1) requires a plaintiff to establish the Court's subject-matter jurisdiction by showing the existence of either a federal question under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. A plaintiff may establish federal question jurisdiction by asserting a claim that arises from a federal statute or from the United States Constitution. Fed.R.Civ.P. 12(b)(1); 28 U.S.C. § 1331. To show that the claim arises on one of these bases, the federal question must appear "on the face of the plaintiff's properly pleaded complaint." AES Sparrows Point LNG, LLC v. Smith, 470 F.Supp.2d 586, 592 (D.Md. 2007) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)). However, when a party challenges subject-matter jurisdiction, the Court may consider "evidence outside the pleadings" to resolve the challenge. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

A defendant challenging a complaint under Rule 12(b)(1) may advance a "facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" Hasley v. Ward Mfg., LLC, No. RDB-13-1607, 2014 WL 3368050, at *1 (D.Md. July 8, 2014) (alteration in original) (quoting Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)). When a defendant raises a facial challenge, the Court affords the plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Kerns, 585 F.3d at 192 (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). As such, the Court takes the facts alleged in the complaint as true and denies the motion if the complaint alleges sufficient facts to invoke subject-matter jurisdiction.

4

With a factual challenge, the plaintiff bears the burden of proving the facts supporting subject-matter jurisdiction by a preponderance of the evidence. U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). In determining whether the plaintiff has met this burden, the Court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768 (citing Adams, 697 F.2d at 1219). Nevertheless, the Court applies "the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id. (citing Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir. 1987)). The movant "should prevail only if the material jurisdictional facts are not in dispute and the [movant] is entitled to prevail as a matter of law." Id. (citing Trentacosta, 813 F.2d at 1558). Unlike under the summary judgment standard, however, the Court is permitted to decide disputed issues of fact, Kerns, 585 F.3d at 192, and weigh the evidence, Adams, 697 F.2d at 1219.

The Court may determine on its own initiative that it lacks subject-matter jurisdiction, regardless of whether a party to the case has raised this claim. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006); see Fed.R.Civ.P. 12(h)(3). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Arbaugh, 546 U.S. at 506 (quoting Kontrick v. Ryan, 540 U.S. 443, 455 (2004)). The Court "ha[s] an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any

5

party." Id. at 502, 514. When the Court establishes that it does not have subject-matter jurisdiction, it "must dismiss the complaint in its entirety." Id.

**B.     Analysis**

With respect to suits against the federal government, the doctrine of sovereign immunity protects the United States from liability, except where it has expressly waived its immunity to suit. Loeffler v. Frank, 486 U.S. 549, 554 (1988). The FTCA "waived the sovereign immunity of the United States for certain torts committed by federal employees." FDIC v. Meyer, 510 U.S. 471, 475 (1994). "Being a waiver of sovereign immunity, the FTCA is strictly construed, and all ambiguities are resolved in favor of the United States." Williams v. United States, 50 F.3d 299, 305 (4th Cir. 1995).

As an initial matter, a tort action against the United States "shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). The "requirement of filing an administrative claim is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986). A claimant meets this filing burden by providing notice that "(1) is sufficient to enable the agency to investigate and (2) places a 'sum certain' value on [his] claim." Ahmed v. United States, 30 F.3d 514, 517 (4th Cir. 1994) (quoting Adkins v. United States, 896 F.2d 1324, 1326 (11th Cir. 1990)); see also 39 C.F.R. § 912.5(a) ("[A] claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant . . . an executed Standard Form 95 . . . accompanied by a claim

party." Id. at 502, 514. When the Court establishes that it does not have subject-matter jurisdiction, it "must dismiss the complaint in its entirety." Id.

**B.     Analysis**

With respect to suits against the federal government, the doctrine of sovereign immunity protects the United States from liability, except where it has expressly waived its immunity to suit. Loeffler v. Frank, 486 U.S. 549, 554 (1988). The FTCA "waived the sovereign immunity of the United States for certain torts committed by federal employees." FDIC v. Meyer, 510 U.S. 471, 475 (1994). "Being a waiver of sovereign immunity, the FTCA is strictly construed, and all ambiguities are resolved in favor of the United States." Williams v. United States, 50 F.3d 299, 305 (4th Cir. 1995).

As an initial matter, a tort action against the United States "shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). The "requirement of filing an administrative claim is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986). A claimant meets this filing burden by providing notice that "(1) is sufficient to enable the agency to investigate and (2) places a 'sum certain' value on [his] claim." Ahmed v. United States, 30 F.3d 514, 517 (4th Cir. 1994) (quoting Adkins v. United States, 896 F.2d 1324, 1326 (11th Cir. 1990)); see also 39 C.F.R. § 912.5(a) ("[A] claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant . . . an executed Standard Form 95 . . . accompanied by a claim

for money damages in a sum certain."); 5 C.F.R. § 177.102(a) (same for Office of Personnel Management); 28 C.F.R. § 14.2(a) (same for federal agencies).

"The sum-certain requirement is one of substantial importance, and even courts liberally construing the presentment requirement under the FTCA require that the claimant place a certain value on the claim." Ahmed, 30 F.3d at 517. This Court has routinely dismissed FTCA claims for failing to exhaust administrative remedies by failing to specify a sum certain. See, e.g., Johnson v. United States, No. WDQ-14-0582, 2014 WL 6490238, at *3–4 (D.Md. Nov. 18, 2014); Samuel v. Palmer, No. PJM-09-3141, 2010 WL 2976133, at *3–4 (D.Md. July 22, 2010); Shaia v. Klein, No. AW-01-323, 2001 WL 436194, at *2 (D.Md. Apr. 13, 2001). Here, the SF 95 Blake submitted to USPS failed to include a sum certain for his damages. (Feb. 5, 2020 Letter at 2–3). Accordingly, Blake failed to exhaust his administrative remedies.

In his Opposition, Blake does not contest the United States' argument that his failure to include a sum certain in his SF 95 rendered his administrative complaint deficient. Instead, Blake seeks to remedy this deficiency by attaching to his Opposition an amended SF 95 asserting damages in the amount of $50,000. But USPS did not receive the amended SF 95 until May 17, 2021, months after Blake filed this action. This belated attempt by Blake to update his SF 95 comes long after the window for such an amendment closed. See 39 C.F.R. § 912.5(b) ("A claim . . . may be amended by the claimant at any time prior to: (1) The claimant's exercise of the option to file a civil action pursuant to 28 U.S.C. 2675(a); . . . . or (3) The Postal Service's issuance of a written denial of the claim in accordance with § 912.9."). Here, Blake's amendment came after USPS issued a written

denial <u>and</u> after Blake filed a civil action. Such an untimely amendment cannot cure Blake's failure to exhaust his administrative remedies. This Court therefore lacks jurisdiction over this action and, for that reason, must dismiss the Complaint in its entirety.

### III.    CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 3). A separate Order follows.

Entered this 26th day of October, 2021.

/s/
George L. Russell, III
United States District Judge